NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 16-4450

DARREN M. NANCE,

Appellant

v.

CITY OF NEWARK; NEWARK POLICE DEPARTMENT;
THE MAYOR, SHARPE JAMES; JOSEPH J. SANTIAGO;
THOMAS C. O'REILLY; ROBERT K. RANKIN, JR.;
MITCHELL MCQUIRE; MICHAEL O'CONNOR;
JAMES DAVID O'CONNOR; WILLIE E. UNDERWOOD;
IRVING B. GULLER; JOSE OMAR COLON;
CHADRAKANT PATEL; JAMES E. TUNIS;
ISABELLA CASTELLANOS; VINCENT BONGERMINO;
JOHN DOES (1-10); RICHARD PARABOSCHI;
NICHOLAS MARESCA; ANTHONY CAMPOS; JOHN ZAKOWSKI

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-97-cv-06184)
District Judge: Honorable Jose L. Linares

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2017

Before: AMBRO, KRAUSE, Circuit Judges, and CONTI♦, Chief District Judge

♦ Honorable Chief Judge Joy Flowers Conti, District Court Judge for the Western District
of Pennsylvania, sitting by designation.

OPINION[*]

AMBRO, Circuit Judge

The City of Newark, New Jersey, terminated Darren Nance as a police officer in September 1996.  He sued the City for wrongful termination, and in June 2010 a jury returned a verdict in his favor.  It awarded Nance $350,000 in compensatory damages (including lost wages) and $250,000 in punitive damages.

Fast forward to early 2015 when Nance submitted correspondence to the District Court from New Jersey's Department of Treasury stating the jury award must indicate the period involved, the amount, and the total value of mitigated damages in order to collect his pension and receive years-of-service credit for the period between his termination and the jury award.  It did not contain this information, and hence Nance could not have his pension reinstated with back pay and service credit.  The District Court entered an Order stating the time applicable to the award and that the amount of mitigated wages was $350,000.  Nance submitted to the Court additional correspondence from the State of New Jersey stating the correct amount of mitigated wages was $980,942.97.  In response, the Court issued an Amended Order reflecting that amount.

Nance followed up by seeking an order to show cause to enforce Newark's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

compliance with the Amended Order. The District Court, however, ruled that Newark complied with the Order and denied a show cause order. Nance refused to back down and made another filing claiming he is owed mitigated wages of $980,942.97 (referred to in the Amended Order as "back pay") and asserting the City should be held in civil contempt and sanctioned for its failure to pay. The Court denied relief, ruling that Nance sought moneys not contemplated by the jury award and the Amended Order in no way increased Nance's damages by that amount.

Nance appeals this denial and our review is for an abuse of discretion. *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 145 (3d Cir. 1994) (internal citations omitted). "The district court may be reversed only where the denial is based on an error of law or a finding of fact that is clearly erroneous." *Id.* (internal citation omitted). A decision is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Nance makes three arguments to us. The first concerns the District Court's denial of his motion for an order to show cause and motion for judgment. He contends Newark made statements at oral argument before the Court that erroneously led it to believe all or a portion of the jury verdict was wages and the Court lacked jurisdiction over the enforcement proceeding. The District Court did not err; its holding that the jury award included lost wages is plainly based on the Jury Verdict Sheet, which specifically instructed the jury to calculate compensatory damages and include lost wages. Additionally, nowhere in the record does the Court state it did not have jurisdiction over

3

enforcement of its orders.

Second, Nance claims that under N.J.A.C. § 17:1-2.18 the District Court erred in holding the $980,942.97 mitigated wages amount was for the purpose of pension reporting and not an increase in damages. Once again, the Court did not err. It explained the Amended Order was issued at Nance's request solely based on his representations that it was necessary and required by the State of New Jersey to process his pension benefits. In no event was it an increase in damages.[1] Indeed, a letter from Nance's counsel in 2015 to the Court makes plain Nance requested the mitigated wages amount be reflected in an order only for pension benefit purposes. To grant that request did not increase the damages in his award.

Nance's final argument is that, if we decide actual pensionable wages should be used to calculate his service credit and pension, he is also entitled to non-pensionable wage items. We need not reach this argument because, as explained below, we cannot decide whether he is entitled to service credit and a pension.

The City has complied with all obligations imposed on it by the District Court. The problem for Nance is that he is in the wrong forum to have his pension reinstated and receive years-of-service credit. It appears that the Division of Pensions and Benefits within New Jersey's Department of the Treasury makes those determinations, not

---

[1] Nance also claims the Amended Order granted him equitable relief requiring Newark to give him pensionable service credit, fund his pension, and provide him medical benefits. However, the Court did not grant Nance equitable relief in its Amended Order; rather, its purpose was only to provide the State of New Jersey the information it needed to process Nance's pension benefits.

4

Newark. Thus, if Nance disputes the Division's determination of his benefits, he should exhaust his administrative remedies with the Division and, if not satisfied, sue the Division in state court. *See, e.g.*, *In re Snellbaker*, 997 A.2d 228 (N.J. Sup. Ct. App. Div. 2010) (pensioner appealing Division determination of proper credit due his pension); *Rosenstein v. State, Dep't of Treasury, Div. of Pensions & Benefits*, 105 A.3d 1140 (N.J. Sup. Ct. App. Div. 2014) (describing administrative remedies that must be exhausted before suit is brought in state court).

We thus affirm.